IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

FILED
JUL 1 4 2015
CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA

WAYNE BROCKMAN
2602 West Pembroke Ave., Apt. B
Hampton, Virginia 23661,

    Plaintiff,

v.

CASE NO.: 4:15CV74

KEYSTONE NEWPORT NEWS, LLC, t/a
NEWPORT NEWS BEHAVIORAL
HEALTH CENTER
17579 Warwick Blvd.
Newport News, Virginia 23603,

*JURY TRIAL DEMANDED*

and

UNIVERSAL HEALTH SERVICES, INC.
367 South Gulph Road
King of Prussia, PA 19406

SERVE:

CT Corporation System, Registered Agent
4701 Cox Road, Suite 285
Glen Allen, Virginia 23060

and

UHS OF DELAWARE, INC.
367 South Gulph Road
King of Prussia, PA 19406

SERVE:

CT Corporation System, Registered Agent
4701 Cox Road, Suite 285
Glen Allen, Virginia 23060

    Defendants.

## COMPLAINT

The Plaintiff, Wayne Brockman, by counsel, states as follows for his Complaint against the Defendants, Keystone Newport News, LLC t/a Newport News Behavioral Health Center, Universal Health Services, Inc. and UHS of Delaware, Inc. (hereinafter collectively or singularly, "Defendant(s)"). This action is brought solely on behalf of Mr. Brockman, individually, and is not brought as a class or collective action.

## NATURE OF THE CASE

1. This action arises under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §201, et seq., which provides that workers must receive compensation at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of 40 hours in a work week.

2. The Plaintiff seeks declaratory relief, injunctive relief and relief for unpaid overtime compensation and liquidated damages as well as all costs and attorney's fees.

3. The Defendants suffered or permitted the Plaintiff to work hours in excess of 40 hours in a seven day work period, without receiving overtime compensation, in violation of the FLSA.

## PARTIES

4. The Defendant Keystone Newport News, LLC, t/a Newport News Behavioral Health Center is a Virginia Limited Liability Company and maintains its principal place of business at 17579 Warwick Blvd., Newport News, Virginia 23603. This Defendant provides psychiatric services and mental health counseling in an in-patient setting in Newport News, Virginia. Upon information and belief, it employs over 200 individuals. At all times relevant

hereto, Defendant Keystone Newport News, LLC, t/a Newport News Behavioral Health Center was an "employer" as that term is defined by 29 U.S.C. §203(d).

5. Defendant Universal Health Services, Inc. is a corporation organized under the laws of the state of Pennsylvania and is a parent company of the Defendant Keystone Newport News, LLC, t/a Newport News Behavioral Health Center. At all times relevant hereto, Defendant Universal Health Services, Inc. was an "employer" as that term is defined by 29 U.S.C. §203(d).

6. Defendant UHS of Delaware, Inc. is a corporation organized under the laws of the state of Delaware. At all times relevant hereto, Defendant UHS of Delaware, Inc., was an "employer" as that term is defined by 29 U.S.C. §203(d).

7. The policies, practices and events complained of herein occurred as a result of management and operational practices common to, and directed by, all Defendants. At all times relevant hereto, the Defendants were "employers" within the meaning of 29 U.S.C. §207(a)(1) and were the Plaintiff's "employer" within the meaning of 29 U.S.C. §203(d).

8. The Plaintiff, Wayne Brockman, is a resident and citizen of the Commonwealth of Virginia and the United States. The Plaintiff was employed as a mental health counselor and later as a non-exempt "unit manager" at the Newport News Behavioral Health Center.

## JURISDICTION

9. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 2201 & 2202.

10. Venue is proper in this judicial district under 28 U.S.C. §1391(b). Defendants are subject to personal jurisdiction within the Commonwealth of Virginia and conduct significant operations within the Newport News Division of the United States District Court for the Eastern

District of Virginia. Defendants maintain a large, in-patient treatment facility located at 17579 Warwick Blvd., Newport News, Virginia 23603. All events complained of herein occurred at Defendant's Newport News location. Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b) and Eastern District of Virginia Local Rule 3.

11. Plaintiff asserts that the Defendants' willful disregard of the overtime laws asserted herein entitles him to the benefit of the three year limitations period and, in addition, to equitable tolling of the otherwise applicable statutes of limitation.

## GENERAL FACTUAL ALLEGATIONS

12. The Defendants employed the Plaintiff as a mental health counselor and later as a "unit manager" at the Newport News Behavioral Health Center. At all times during his employment with the Defendants, however, Plaintiff performed the duties of a mental health counselor and the same non-exempt duties that were performed by those employees under his supervision.

13. At all times relevant to this matter, the Plaintiff was a working supervisor who performed non-exempt duties more than 80% of his work time.

14. Plaintiff was non-exempt under the FLSA. Accordingly, he was entitled to overtime premium pay for all hours worked over 40 in a 7 day work period. The Plaintiff worked regularly scheduled work hours which recurred week after week. He was often scheduled to work more than 40 hours per week. In addition, Plaintiff was frequently assigned extra duties, non-recurring types of work assignments and had work obligations that caused him to frequently work more than 40 hours in a 7 day work period.

15. 29 U.S.C. §207(a)(1) mandates that no employer shall employ any of its employees for a work week longer than 40 hours in a non-exempt position unless the employer

4

pays the employee overtime compensation at the rate of not less than one and one-half times the regular rate at which the employee is employed. This statute requires employers to pay its employees at one and one-half times their regular hourly rate of pay for all hours worked above and beyond 40 hours in a work week.

16. The Defendants routinely failed to pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for all hours worked over 40 hours for 7 days in violation of the FLSA.

17. The Defendants expected and required the Plaintiff to work hours in excess of his regularly scheduled 40 hours in a 7 day work period for which the Defendants failed and refused to pay him overtime compensation in violation of the FLSA.

18. The precise amount of compensation due to the Plaintiff is unknown because the information required (i.e., time records, pay records, etc.) are within the exclusive control of the Defendants.

19. At all times relevant to this matter, Defendant Universal Health Services, Inc. operated behavioral health and/or psychiatric in-patient facilities very similar to Newport News Behavioral Health Center in which unit managers who performed the same duties as the Plaintiff in this action received proper FLSA overtime compensation for all hours worked over 40 in a work week. This Defendant plainly knew that workers in Plaintiff's position should be classified as non-exempt under the FLSA.

20. At all times relevant to this matter, Defendant UHS of Delaware, Inc. operated behavioral health and/or psychiatric in-patient facilities very similar to Newport News Behavioral Health Center in which unit managers who performed the same duties as the Plaintiff in this action received proper FLSA overtime compensation for all hours worked over 40 in a

work week. This Defendant plainly knew that workers in Plaintiff's position should be classified as non-exempt under the FLSA.

21. The Defendants' supervisors and managers at Newport News Behavioral Health Center actually observed or had actual knowledge that the Plaintiff worked substantial uncompensated overtime on a routine basis in violation of the FLSA. Moreover, the Defendants' record-keeping systems and directives will demonstrate that the Plaintiff worked substantial uncompensated overtime with the Defendants' actual knowledge.

22. The Defendants knew or showed reckless disregard for the fact that their pay policies violated the FLSA, and they committed the aforesaid violations willfully, recklessly and in bad faith.

23. Defendants have an obligation under the FLSA to maintain accurate records of time worked by employees. Upon information and belief, Defendants failed to maintain accurate time records of the time Plaintiff expended efforts on the Defendants' behalf. Moreover, upon information and belief, the Defendants inaccurately recorded, reported and paid Plaintiff for numerous work periods.

24. Defendants have shown a reckless disregard for the FLSA's overtime requirements through the manner in which they have paid and otherwise treated the Plaintiff.

25. Defendants have not acted in good faith with respect to their failure to pay Plaintiff overtime compensation. Defendants had no legitimate reason to believe their actions and omissions complied with the FLSA, thus entitling Plaintiff to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation owed to him.

## COUNT I

### *Violation of the Fair Labor Standards Act*

26. All allegations set forth in this Complaint are incorporated into this Count by this reference.

27. The FLSA requires covered employers such as the Defendants to compensate workers such as the Plaintiff at a rate of not less than one and one-half times their regular hourly rate of pay for work performed in excess of 40 hours in a 7 day work period. The Defendants failed to compensate the Plaintiff in a manner that complied with the FLSA and denied him substantial overtime compensation to which he was entitled.

28. The Plaintiff has performed work which qualifies for payment of overtime pay under the FLSA, but for which the Plaintiff has not been paid.

29. As a direct, actual and proximate result of the Defendants' actions, the Plaintiff has suffered significant economic loss.

**WHEREFORE**, the Plaintiff, Wayne Brockman, respectfully moves this Court to enter judgment in his favor and award him the following relief:

1) Full payment of all overtime compensation due to him for all hours worked during the three years preceding the filing of this Complaint;

2) An award of an equal and additional amount as liquidated damages;

3) An award of injunctive relief or appropriate declaratory relief requiring compliance with the FLSA in the future;

4) An award of all of Plaintiff's costs and reasonable attorney's fees;

5) Interest at the applicable legal rate accruing from each week compensation was not paid;

6) All such other relief as the Court deems appropriate and just under the circumstances.

## TRIAL BY JURY DEMANDED

The Plaintiff requests a jury trial on all issues raised in this Complaint.

Respectfully submitted,

WAYNE BROCKMAN

By: _____
Of Counsel

James H. Shoemaker, Jr., VSB No. 33148
Jason E. Messersmith, VSB No. 77075
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 223-4518
Jshoemaker@pwhd.com
jmessersmith@pwhd.com