# EXHIBIT A

# CONFIDENTIAL AGREEMENT AND RELEASE

THIS CONFIDENTIAL AGREEMENT AND RELEASE ("the Agreement") is made by and between Keystone Newport News, LLC, t/a Newport News Behavioral Health Center, and Universal Health Services, Inc., and UHS of Delaware, Inc., their parents, affiliates, subsidiaries, successors and assigns (collectively referred to herein as "Employer"), and Wayne Brockman, his heirs, executors, administrators, successors, and assigns (collectively referred to herein as "Employee") (Employer and Employee shall be collectively referred to herein as "Parties").

WHEREAS, Employee alleged claims against Employer for violations of the Fair Labor Standards Act, as amended, in actions filed in the Newport News Division of United States District Court for the Eastern District of Virginia, styled as *Wayne Brockman, et al. v. Keystone Newport News, LLC, t/a Newport News Behavioral Health Center, and Universal Health Services, Inc., and UHS of Delaware, Inc..*, Case No. 4:15cv74, ("the Lawsuit"), which was compelled to arbitration and in which arbitration is currently pending with the McCammon Group of Richmond, Virginia assigned to Judge Stillman; and,

WHEREAS, the Parties desire to enter into this Agreement in order to fully settle the Lawsuit and discharge certain present and past claims asserted in the Lawsuit;

1. **Purpose.** The mutually agreed upon purpose of this Agreement is to settle finally and completely all claims identified herein.

2. **Consideration.** In consideration for Employee's execution of the Agreement and compliance with its terms, as well as joint stipulation of dismissal of the Lawsuit with prejudice, which shall include a provision providing that each party shall bear its own attorney's' fees and costs, Employer agrees to pay Employee Two Thousand Nine Hundred dollars ($2,900.00) (the "Settlement Amount"), as follows, upon receipt by Employer of a signed Agreement by Employee, which amounts will be paid within twenty-one (21) days after receiving an original signed copy of this Agreement and a completed Form W-9 for any 1099 payee. Payment will be delivered to James Shoemaker, counsel for Employee, at Patten, Wornom, Hatten & Diamonstein, LC, 12350 Jefferson Ave., Ste. 300, Newport News, VA 23602. Payment will be made as follows:

> A check for Two Thousand Nine Hundred dollars ($2,900.00), payable to "Wayne Brockman," which portion of the settlement amount is intended to satisfy Employee's claims alleged in the Lawsuit. Employer shall issue Employee an IRS Form 1099 for this portion of the settlement.

3. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies or other consideration specified in Section 2 above, except for Employee's execution of this Agreement and fulfillment of the promises contained herein.

4. **Dismissal of Lawsuit.** Employee agrees to file a Stipulation of Dismissal of the Lawsuits with prejudice within five (5) business days of his receipt of a copy of a fully executed copy of this Agreement, and to notify the McCammon Group and Judge Stillman of resolution of the arbitration.

5. **Release of Claims.**

a. **Mutual Release of Claims**. Employee and Employer agree that they will not file suit against each other pleading any claims barred by this Agreement. Employee knowingly and voluntarily releases and forever discharges any of Keystone Newport News, LLC, t/a Newport News Behavioral Health Center, and Universal Health Services, Inc., and UHS of Delaware, Inc.'s, owners, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorney's, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, all of whom are intended third-party beneficiaries of this Agreement (collectively referred to throughout this Agreement as "Employer" or "Releasees"), of and from the following claims, asserted or unasserted, Employee has or may have against Employer as of the date of execution of this Agreement, which release shall include any claims under the following statutes or theories:

- The Fair Labor Standards Act;
- Virginia Wage Payment and Hour Laws — Va. Code § 40.1-28.8 et seq.

Employee acknowledges that he has consulted with counsel regarding this Agreement and the release of claims. Employee releases, discharges, and waives these claims against Employer willingly, voluntarily, and with advice of counsel.

b. **Clarification of Certain Claims Not Released.** Employee is not waiving any rights he may have to: (a) his own vested accrued employee benefits under Employer's health, welfare, or retirement benefit plans, as of the last date of his employment at Employer; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which may arise after the date of this Agreement is executed; (d) pursue any claims which by law cannot be waived by signing this Agreement.

Neither Employer nor Employee are waiving any rights they may have to enforce this Agreement and/or challenge the validity of this Agreement.

c. **Governmental Agencies**. Nothing in this Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency.

6. **Acknowledgments and Affirmations.**

Employee affirms that he has not filed, nor caused to be filed a Worker's Compensation claim against Employer.

Employee affirms that Employee has reported all hours worked as of the date Employee signed this Agreement and has been paid for and/or has received all compensation, wages, bonuses, commissions, and/or benefits to which Employee may be entitled.

Employee affirms he has not been denied any leave to which Employee was entitled under state or local leave or disability accommodation laws, or that he has been retaliated against as a result of, subject to interference with, or restraint of Employee's use of such leave.

Employee affirms that Employee has not been retaliated against for reporting any allegations of corporate fraud.

Both Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding by the EEOC. To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

The Agreement does not waive or release rights or claims for occurrences after the execution of this Agreement. This Agreement does not preclude Employee from filing a lawsuit against the Employer for purposes of enforcing rights conferred under this Agreement. If Employee breaches any term of this Agreement, including the terms of paragraph 7, the Employer shall be entitled to reimbursement of the Employer's reasonable costs and attorney's' fees incurred in bringing a claim for such breach, and any other relief allowable by law. The above payment/repayment provisions do not apply in the event Employee sues to challenge the validity of this Agreement under the ADEA.

7. **Reinstatement or Reemployment with Employer.** Employee agrees that Employer or its affiliated or related entities have the right under this Agreement not to hire Employee if he seeks employment with the Employer or refuse Employee assignment if Employee is assigned through a temporary service agency or contractor to work at the Employer or any of its affiliated or related entities.

Employee further agrees that if Employee becomes employed by the Employer or any of its affiliated or related entities or assigned through a temporary service agency or contractor to work at the Employer or any of its affiliated or related entities, then the Employer or its affiliated or related entities have the right under this Agreement to terminate Employee's employment or cancel Employee's services through the temporary service agency or contractor, and Employee hereby releases the Employer from any and all liability and waives any and all claims that may arise from or relate to the rejection or termination of Employee's employment or Employee's assignment through a temporary service agency or contractor under this paragraph.

8. **Costs of Litigation.** The Parties agree to bear their own costs, attorney's fees and expenses in this action.

9. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the Commonwealth of Virginia without regard to its conflict of law provisions. Any action brought to enforce this Agreement will only be brought in the United States District Court for the Eastern District of Virginia, Newport News or Norfolk Divisions. In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and should such provision be unable to be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

10. **Non-admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Employer of wrongdoing or evidence of any liability or unlawful conduct of any kind.

11. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by the Parties wherein specific reference is made to this Agreement. In the event any portion of this Agreement is held to be unenforceable as described in paragraph 12, the remainder of this Agreement shall be enforced in harmony with the purpose of this Agreement and the intent of the parties at the time of its making.

12. **Entire Agreement.** This Agreement sets forth the entire agreement among the Parties hereto, and fully supersedes any prior agreements or understandings among the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement.

13. **Joint Participation and Negotiation of Agreement.** The Parties have had the opportunity to obtain the advice of legal counsel and the opportunity to review, comment upon, and negotiate this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any Party. This Agreement shall be construed in light of the fact that the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

14. **Counterparts.** This Agreement may be executed in counterparts and may be delivered by facsimile or other electronic means, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

15. **Medicare Reporting Requirements.**

(a) As a term of this Agreement, the parties have fully considered Medicare's potential interests pursuant to the Medicare Secondary Payor Rules. In so doing, Employee has declared that as of the date he signs this Agreement: (a) he is not Medicare eligible (i.e. is not 65 years of age or older, is not suffering from end stage renal failure, and has not received Social Security disability benefits for 24 months or longer; and (b) he has not made any claim against Defendant (excluding any claims made against any group health plans sponsored by Defendant) involving any illness, injury, incident, or accident in which medical expenses were incurred or expected to be incurred by Employee. This affirmation is a material term of this Agreement and without which Employer would not have agreed to enter this Agreement. Based on the above, Employee has determined and affirmatively represents that Medicare has no interest in any payments made under this Agreement and no reporting is required to Medicare. Releasees have relied in good faith on Employee's representations and have no independent information to the contrary.

(b) Employee agrees to hold Releasees harmless from any and all adverse consequences in the event this settlement results in the loss of right to Social Security and/or Medicare benefits to the extent Employee would have been entitled to those benefits absent this settlement.

(c) Employee agrees to waive any and all future action against Releasees that pertain to Employee's Medicare entitlement including, but not limited to, any private cause of action for damages pursuant to 42 U.S.C. section I 395y(b)(3)(A) et seq.

**PLAINTIFF HAS CONSULTED WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT. PLAINTIFF AFFIRMS THAT HE READ EACH WORD OF THIS AGREEMENT AND UNDERSTANDS ALL OF ITS PROVISIONS.**

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE THE CLAIMS DESCRIBED HEREIN.**

The Parties knowingly and voluntarily sign this Confidential Agreement and Release as of the date(s) set forth below:

Wayne Brockman

Keystone Newport News, LLC, t/a Newport News Behavioral Health Center, and Universal Health Services, Inc., and UHS of Delaware, Inc.

By: _____
Date: _____, 2018

By: _____
Date: _____, 2018